# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RON CIEUTAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0012-WS-B |
| | ) |
| HPCSP INVESTMENTS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The defendants ("HPCSP" and "Eli Global") have filed a motion to dismiss Count Two of the first amended complaint. (Doc. 35). The plaintiff has filed a response, (Doc. 41), and the defendants a reply, (Doc. 42), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be denied.

## BACKGROUND

Count Two asserts a claim of fraudulent inducement. The Court granted the defendants' motion to dismiss Count Two of the original complaint, on the grounds that it failed to allege fraud with the particularity required by Rule 9(b) and that it failed to allege two elements of such a claim: that the defendants' promise was made without any intent of performing it, and that the defendants intended to deceive the plaintiff. (Doc. 25 at 2-6).[1] The amended complaint, (Doc. 30), represents the plaintiff's effort to rectify the deficiencies identified in the Court's order.

---

[1] *Cieutat v. HPCSP Investments, LLC*, 2020 WL 869979 (S.D. Ala. 2020).

**DISCUSSION**

As on their original motion to dismiss, the defendants argue that Count Two fails to plead fraud with particularity and that it fails adequately to allege they acted with the requisite intent.

### A. Particularity.

The amended complaint alleges that Michael Pereira made the representation at issue, and that he did so as the authorized agent of both defendants. (Doc. 30 at 7). The defendants object that the amended complaint does not allege Pereira's agency (as to HPCSP) with particularity. (Doc. 35 at 5). The defendants assume that Rule 9(b) applies to the pleading of agency, but they offer no support for their assumption. "[A]n agency relationship establishing vicarious liability for fraud generally does not have to be pleaded with particularity." *Guaranty Residential Lending, Inc. v. International Mortgage Center, Inc.*, 305 F. Supp. 2d 846, 853 (N.D. Ill. 2004) (construing *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 782 (7th Cir. 1999); *accord In re: Alstom SA*, 406 F. Supp. 2d 433, 469 (S.D.N.Y. 2005); *Commodity Futures Trading Commission v. Gibraltar Monetary Group, Inc.*, 2004 WL 7334350 at *2 (S.D. Fla. 2004). As the defendants neither cite authority in support of any different rule nor argue that this case falls outside the scope of the quoted rule, it has failed to show that the plaintiff's pleading of agency is governed by Rule 9(b).

The defendants next object that Count Four alleges that Pereira "and other representatives of Eli Global … made representations to" the plaintiff. (Doc. 30 at 9). According to the defendants, the quoted language means that "who actually made the allegedly fraudulent statement is unclear and not properly pleaded." (Doc. 35 at 5). As the Court has previously pointed out, the allegations of Count Four are not incorporated into Count Two. (Doc. 25 at 6). Count Two explicitly limits the universe of individuals whose misrepresentations form the basis of the

fraudulent inducement claim to one – Pereira. (Doc. 30 at 7). There is no ambiguity and no pleading deficiency as to Count Two.

Count Two alleges that Pereira mispresented to the plaintiff that the defendants would employ him as the CEO of HPCSP for at least five years. This representation was made to the plaintiff's face at a meeting in the conference room of the plaintiff's Mobile, Alabama office on Royal Street. The representation was made "during the six-month period prior to the execution of the Equity Purchase Agreement dated January 19, 2018." (Doc. 30 at 7). The defendants complain that this time period is too vast to satisfy the particularity standard. (Doc. 35 at 6).

"The application of Rule 9(b) … must not abrogate the concept of notice pleading." *Tello v. Dean Witter Reynolds, Inc.*, 454 F.3d 956, 972 (11th Cir. 2007) (internal quotes omitted). "While allegations of date, time or place satisfy the Rule 9(b) requirement that the *circumstances* of the alleged fraud must be pleaded with particularity, we have acknowledged that alternative means are also available to satisfy the rule …." *Id*. at 972-73 (internal quotes omitted, emphasis in original). In particular, "Rule 9(b)'s heightened pleading standard may be applied less stringently … when specific factual information about the fraud is peculiarly within the defendant's knowledge or control." *Hill v. Morehouse Medical Associates, Inc*., 2003 WL 22019936 at *3 (11th Cir. 2003).

The amended complaint alleges that the plaintiff cannot more precisely identify the date of the misrepresentation because his records of the meeting's date are reflected in his emails and text messages, which the defendants stripped him of when they abruptly terminated him. (Doc. 30 at 6, 7). The defendants say that is the plaintiff's tough luck, (Doc. 42 at 3), but, under *Hill*, he is not forced to forego a fraud claim simply because the defendants' conduct deprived him of the ability to identify a particular date in history on which the representation was made. Pereira does not live in Alabama and had to travel from North Carolina to meet with the plaintiff. (Doc. 30 at 3). He presumably had a finite number of meetings in the conference room of the plaintiff's Mobile office; certainly the defendants

3

have asserted no confusion over when the meeting at issue occurred or any difficulty formulating a defense without that information.[2] Under these circumstances, the amended complaint adequately alleges the time of the alleged misrepresentation.

### B. Intent.

The amended complaint alleges that plaintiff sold his company ("HPC") to HPCSP, which is owned and controlled by Eli Global. The defendants and Pereira "had [no] experience in operating a specialty pharmacy company," and they knew the plaintiff "did not want to leave a company he had spent the past fifteen years building." The defendants therefore promised the plaintiff he could remain as CEO for five years if he sold HPC to the defendants. (Doc. 30 at 2-3). However, "at the time the promise was made, neither Pereira nor Defendants actually intended for Cieutat to be CEO for five years; rather, they intended to deceive Cieutat. Defendants' intention from the outset was to have Cieutat remain CEO just long enough to get HPCSP fully operational and then terminate him in order to avoid paying his promised $250,000-a-year salary." (Doc. 30 at 7). After less than two years, once the plaintiff "got the new company established and operating, HPCSP and Eli Global fabricated reasons to terminate Cieutat" in violation of his employment contract (which provided for a five-year term and termination only for defined causes); Pereira, Eli Global's portfolio manager at all relevant times, immediately became CEO, where he remains. (*Id*. at 3-4, 8). This was the "orchestrated plan from the outset"; indeed, Eli Global "has a pattern and practice of duping other businessowners into selling their companies under false promises

---

[2] The amended complaint alleges the defendants had a duty to preserve the plaintiff's emails and text messages, (Doc. 30 at 7), which would suggest they could determine the date of the meeting from the plaintiff's emails and texts in their possession, in the unlikely event they are unable to determine the date from their own records, and those of Pereira.

of future employment and compensation, which has led to a slew of lawsuits across the country," and the defendants "followed their same *modus operandi* in this case." (*Id*. at 8).

The defendants concede that intent need not be pleaded with particularity under Rule 9(b). (Doc. 35 at 4). They argue, however, that the amended complaint does not plead the requisite intent with the plausibility demanded by Rule 8(a)(2) as construed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Doc. 42 at 4-6).[3]

"*Iqbal* itself directly held that malice and other degrees of intent are subject to the plausibility pleading standard." *Michel v. NYP Holdings, Inc*., 816 F.3d 686, 702 (11th Cir. 2016). Plausibility is not probability, *Twombly*, 550 U.S. at 556, and what is plausible depends on the circumstances. In *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331 (11th Cir. 2015), the complaint alleged that the defendant manufacturer "intended to protect future customers of [the retailer] when it warranted the quality of its products …." *Id*. at 1338. This bare allegation of intent sufficed, because "there is nothing implausible about the allegation that a lumber manufacturer intends to warrant its product to end users." *Id*.

The defendants argue that their willingness to contractually agree to a five-year employment term of itself renders irretrievably implausible the allegation that they never intended to honor that commitment. (Doc. 35 at 7). This argument is so broad that, if accepted, it seemingly would negate any claim of promissory fraud in any case involving a formal contract. The defendants offer no legal support for their novel theory, which the Court therefore declines to accept.

---

[3] The defendants did not invoke *Twombly*, *Iqbal*, plausibility, or Rule 8 in their principal brief. (Doc. 35 at 6-8). They did, however, object to the plaintiff's "conclusory allegations [of intent] without offering any background facts in support." (Doc. 35 at 7). Though not required to do so, the Court attributes to the principal brief a plausibility argument and therefore addresses the argument. *See Clarke v. Tannin, Inc*., 301 F. Supp. 3d 1150, 1173 (S.D. Ala. 2018) ("District courts, including this one, ordinarily do not consider arguments raised for the first time on reply.").

The defendants next assert that "[a] mere conclusory allegation that [they] never intended to abide by the contract is insufficient to plead fraudulent inducement." *Cajun Steamer Ventures, LLC v. Thompson*, 402 F. Supp. 3d 1328, 1344 (N.D. Ala. 2019).  This is no doubt correct, but the amended complaint does not rest on such a conclusory allegation; instead, it contains additional allegations to support the allegation that the defendants did not intend to perform and that they intended to deceive the plaintiff.  First, the amended complaint alleges that the plaintiff was reluctant to sell his successful company (which the defendants coveted), and that he possessed expertise the defendants lacked (and thus needed).  This placed the defendants in the tough spot of having to commit to a hefty $1.25 million salary (on top of the sales price) in order to obtain the plaintiff's company, giving them an incentive to shed that obligation as soon as possible.  Second, the amended complaint alleges that, consistent with such a purpose, the defendants fired the plaintiff as soon as he had gotten HPCSP fully operational, at which point they no longer needed him.  Third, and also consistent with such a purpose, the amended complaint alleges that the reasons the defendants gave for terminating the plaintiff were not merely mistaken but fabricated.  Fourth, Pereira immediately became the new CEO of HPCSP while continuing as Eli Global's portfolio manager, suggesting a desire to decrease salary expenses.  The defendants ignore these allegations and thus have failed to explain why they do not of themselves satisfy the plausibility requirement.

As noted, the amended complaint also alleges that Eli Global has a pattern and practice of duping owners into selling their companies based on false promises of future employment and compensation, and it alleges further that the defendants followed that pattern and practice with respect to the plaintiff and HPC. (Doc. 30 at 8).  The defendants do not deny that an allegation of a pattern and practice of promissory fraud can render plausible an intent to deceive and not to perform in a particular case.  Instead, they argue that the specific allegation in this case is inadequate to the task.

First, the defendants object that the three specific cases cited in the amended complaint actually involved stiffing highly compensated employees that had *not* sold companies to Eli Global. (Doc. 35 at 8). The key point of the allegation, however, would appear to be the commission of promissory fraud on other employees, not the commission of promissory fraud on that subset of employees that had sold their companies to Eli Global; certainly the defendants do not explain how this distinction in the identity of the plaintiff renders the allegation "irrelevant" to the plausibility analysis. (*Id*. at 7). In any event, since the three cases were cited only as examples of a more extensive pattern and practice, (Doc. 30 at 8), the allegation that the pattern and practice extends to persons who sold their companies to Eli Global remains intact.

The defendants' only other objection to the allegation of a pattern and practice is that it relies on "unverified and unproven allegations in other cases." (Doc. 35 at 7-8). That may be so as to the three cases cited as examples in the amended complaint, but the defendants have not shown it to be so as to the other instances on which the allegation rests. In any event, most allegations in any complaint are unverified and unproven until trial, but that hardly prevents a plaintiff from relying on such allegations to satisfy Rule 8(a)(2). On the contrary, the plausibility standard requires the Court to "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss Count Two is **denied**.

DONE and ORDERED this 20th day of April, 2020.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE