IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RON CIEUTAT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0012-WS-B |
| | ) |
| HPCSP INVESTMENTS, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for leave to file a second amended complaint. (Doc. 48). The defendants have filed a brief in opposition, (Doc. 51) the plaintiffs have filed a reply, (Doc. 53), and the motion is ripe for resolution.

As set forth in earlier orders, (Docs. 25, 47), the plaintiff in Count Two sued the entity defendants for fraud in the inducement. The alleged misrepresentation is that, if the plaintiff would sell his company, the defendants would employ him as CEO for at least five years. (Doc. 30 at 7). The Court ruled that, because the fraudulent inducement claim was based on a promise to act in the future (*i.e.*, to employ the plaintiff as CEO for at least five years), the claim was one of promissory fraud, as to which the plaintiff must plead and prove that the defendants, when the misrepresentation was made, had no intention of performing the act promised and instead intended to deceive the plaintiff. (Doc. 25 at 4-5). The Court dismissed the original Count Two for failure to allege these elements of the fraud claim, (*id*. at 5-6, 9), but it found the amended Count Two to satisfy this pleading requirement. (Doc. 47 at 4-7).

The purpose of the proposed second amended complaint is twofold. First, it would add Mike Pereira, the individual who allegedly made the

misrepresentation on behalf of the entity defendants, as a defendant to the fraudulent inducement claim asserted in Count Two. The defendants do not oppose this alteration. (Doc. 51 at 1).

The second purpose of the proposed amended complaint is to add as Count Three a claim of "fraudulent and/or negligent misrepresentation" against all three defendants. (Doc. 48-1 at 10). The misrepresentation on which this claim is based is the same one underlying the fraudulent inducement claim: Pereira's representation – made at a specific meeting in a specific place on a specific date – that, if the plaintiff would sell his company, he would be employed as CEO for at least five years. (*Id*. at 10-11). The defendants object that the proposed Count Three is duplicative of, and redundant with, Count Two and is therefore futile. (Doc. 51 at 3).

The plaintiff cannot amend as of right under Rule 15(a)(1). Instead, pursuant to Rule 15(a)(2), he can amend only with the defendants' written consent (which they withhold) or by the Court's leave, which it "should freely give … when justice so requires." Justice does not require amendment when it would be futile, *i.e.*, "when the complaint as amended would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (internal quotes omitted). As this Court has recognized, a claim that is "entirely redundant" with another claim is subject to dismissal as duplicative. *Lees v. Sea Breeze Health Care Center, Inc.*, 391 F. Supp. 2d 1103, 1106 (S.D. Ala. 2005).

Because a redundant claim is subject to dismissal, "proposed amendments are futile when they are … duplicative of existing claims …." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (internal quotes omitted); *accord Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016); *Campania Management Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002). Sister courts throughout this Circuit have recognized the same proposition,[1] as does the Court today.

---

[1] *E.g., Hunters Run Property Owners Association, Inc. v. Centerline Real Estate, LLC*, 2018 WL 6727315 at *20 (S.D. Fla. 2018); *Ali v. Center Life Insurance Co.*, 2018

The plaintiff does not dispute the legal principle just stated. Instead, he argues it is not triggered, on the grounds that his fraudulent inducement and misrepresentation claims "have different elements and are not mutually exclusive under Alabama law." (Doc. 53 at 2). According to the plaintiff, his proposed misrepresentation claim – unlike his fraudulent inducement claim – does not require him to plead or prove that the defendants intended to deceive him. (*Id.* at 3). This is not possible. As noted, the alleged representation underlying the misrepresentation claim is the exact same representation underlying the fraudulent inducement claim – that the plaintiff would be CEO for at least five years. (Doc. 48-1 at 8, 10). A promise of future employment "is in the nature of promissory fraud," *Ex parte Moulton*, 116 So. 3d 1119, 1144 (Ala. 2013), regardless of the label the plaintiff affixes to the claim. *E.g., Bethel v. Thorn*, 757 So. 2d 1154, 1160 (Ala. 1999) (construing claims as for promissory fraud despite the plaintiff's description of them as "fraudulent-misrepresentation claims").

The plaintiff cites four Alabama cases for the proposition that a plaintiff can simultaneously pursue both a claim for promissory fraud and a claim for misrepresentation. (Doc. 53 at 3). In each of those cases, however, the misrepresentation claim was based on a different representation (of an existing fact rather than of future conduct) than was the promissory fraud claim. Those cases do not to any degree support the proposition that a fraud claim based on a representation about the future can be maintained without pleading and proving an intent to deceive.

---

WL 3822007 at *3 (M.D. Fla. 2018); *HM Peachtree Corners I, LLC v. Panolam Industries International, Inc.*, 2017 WL 3700304 at *3 (N.D. Ga. 2017); *Broadway v. State Farm Mutual Automobile Insurance Co.*, 2015 WL 13614491 at *1 (M.D. Ala. 2015); *Pouyeh v. University of Alabama*, 2013 WL 12177934 at *2 (N.D. Ala. 2013); *Dunn v. Guidry*, 2012 WL 6216743 at *2 (M.D. Ga. 2012); *Enola Contracting Services, Inc. v. URS Group, Inc.*, 2008 WL 1844612 at *6 (N.D. Fla. 2008).

The plaintiff seems to suggest that, if Pereira did not have full authority to make promises of future employment, then he misrepresented his authority, which would be a representation as to an existing fact as to which no intent to deceive need be shown.  (Doc. 51 at 3).  The proposed amended complaint, however, nowhere alleges that Pereira misrepresented his authority; as noted, the only alleged representation is one of future employment.

For the reasons set forth above, the motion for leave to amend is **granted** to the extent it seeks leave to add Pereira as a defendant to the fraudulent inducement claim and is otherwise **denied**.  The plaintiff is **ordered** to file and serve his second amended complaint on or before **May 13, 2020**.

DONE and ORDERED this 6th day of May, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE