IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RON CIEUTAT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0012-WS-B |
| | ) |
| HPCSP INVESTMENTS, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

# ORDER

The plaintiff has filed a motion to strike or, in the alternative, to dismiss. (Doc. 60). The defendants have filed a response and the plaintiff a reply, (Docs. 63, 65), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted.

# BACKGROUND

The plaintiff filed this action in state court in December 2019 against two entity defendants ("the defendants"). (Doc. 1-2 at 10). The complaint alleged: that one defendant breached an employment agreement by wrongfully terminating the plaintiff's employment as CEO and by attempting to enforce a non-competition provision; that the other defendant intentionally interfered with the plaintiff's contractual relations with the first defendant; and that both defendants fraudulently induced the plaintiff to sell his company. (*Id*. at 15-18).

The defendants were served with process on December 9, 2019. (Doc. 1 at 1). They timely removed, on the basis of diversity, on January 8, 2020. (*Id*.). Pursuant to Rule 81(c)(2)(C), the defendants were required to "answer or present other defenses or objections" no later than January 15, 2020. On that date, the defendants filed a motion to dismiss the fraudulent inducement and intentional

interference claims. (Doc. 5). On the same date, the defendants filed an answer. (Doc. 6). The answer did not include a counterclaim.

On February 21, 2020, the Court denied the motion to dismiss as to the intentional interference claim and granted the motion as to the fraudulent inducement claim, allowing the plaintiff two weeks to file an amended complaint correcting the deficiencies in the dismissed claim. (Doc. 25). On March 6, 2020, the plaintiff timely did so. (Doc. 30).

Meanwhile, on February 28, 2020, the parties filed their Rule 26(f) report. (Doc. 26). The parties jointly requested that the deadline for amending the pleadings be established as March 18, 2020. (*Id*. at 3). On March 12, 2020, the Magistrate Judge entered a scheduling order pursuant to Rule 16(b), establishing April 20, 2020 as the deadline for filing motions for leave to amend the pleadings. (Doc. 32 at 2).

On March 20, 2020, the defendants filed a motion to dismiss the amended fraudulent inducement claim. (Doc. 35). On the same date, the defendants filed an answer to the amended complaint. (Doc. 36). Again, the answer did not include a counterclaim.

On April 20, 2020, the Court denied the defendants' motion to dismiss. (Doc. 47). On the same day, the plaintiff filed a motion for leave to file a second amended complaint. (Doc. 48). The defendants, in contrast, did not seek leave to file an amended answer asserting a counterclaim.

The proposed second amended complaint had two purposes: to add an individual defendant, and to add a count of fraudulent and/or negligent misrepresentation. The defendants opposed the latter amendment. (Doc. 51). On May 6, 2020, the Court granted the motion for leave to amend as to the former purpose and denied it as to the latter, ordering the plaintiff to file and serve the approved second amended complaint on or before May 13, 2020. (Doc. 54). The plaintiff did so on May 12, 2020. (Doc. 55). On May 26, 2020, the defendants answered the second amended complaint. (Doc. 57). For the first time, their

answer included a counterclaim. (*Id*. at 11-25). The counterclaim alleges that the plaintiff: made misrepresentations that fraudulently induced the first defendant to purchase the plaintiff's company; breached the purchase agreement by making those misrepresentations and non-disclosures; and, post-purchase, breached his fiduciary duties as CEO. (*Id*. at 16-25). The defendants did not seek leave of court to file the counterclaim. They did so for the first time in their opposition brief, filed June 30, 2020. (Doc. 63 at 9).

## DISCUSSION

The plaintiff presents half a dozen arguments in support of his motion. The Court finds one of them dispositive and so does not address the others. In the sections below, the Court reaches the following conclusions: (1) the defendants were required to obtain leave of Court before filing their counterclaim; (2) they were required to seek such leave no later than April 28, 2020; and (3) they have no adequate excuse for their failure to do so.

### A. Rule 15(a).

Since the elimination of Rule 13(f) in 2009, the addition of counterclaims has been governed by Rule 15(a). Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.[1]

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it ….
> …
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. ….

---

[1] A counterclaim is not itself a pleading, which is a term limited to complaints, answers, and (when so ordered) replies. Fed. R. Civ. P. 7(a). A counterclaim is instead a component of an answer. *Id*. Rule 13(a)(1), (b). The defendants do not contend otherwise.

> (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a). Rule 15(a)(2) thus requires leave of Court to file an answer adding a counterclaim in all but three situations: (1) the answer is an original answer, in which case it lies outside Rule 15(a); (2) the answer is only a response to an amended complaint, in which case Rule 15(a)(3) applies; or (3) the answer is an amended answer within the safe harbor of Rule 15(a)(1).

**1. Original answer.**

The defendants argue that their third answer, including the embedded counterclaim, "is an original, not an amended pleading." (Doc. 63 at 1, 6). They begin with the unobjectionable proposition that an amended pleading supersedes its predecessor, such that the original pleading "is no longer a part of the pleader's averments against his adversary." *Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1229 (11th Cir. 2018) (internal quotes omitted). The defendants then conclude, solely on the strength of the quoted material, that their answer to the first amended complaint was an original answer to that pleading and that their answer to the second amended complaint was likewise an original answer to that pleading. (*Id*. at 6-7).

The filing of an amended complaint, with its supersession of its predecessor, does have consequences. Thus, "[o]nce an amended pleading is filed, we look to the amended pleading to determine jurisdiction." *Devengoechea*, 889 F.3d at 1229. Similarly, positions taken only in the superseded pleading are no longer part of the case. *E.g., Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (affirmance of contract); *Fritz v. Standard Security Life Insurance Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (scope of damages). But to say that a superseded complaint is no longer part of the

plaintiff's averments is worlds away from saying it has no enduring consequences of any kind. Thus, a jury demand made in an original complaint remains effective despite the filing of an amended complaint that includes no such demand. *Thomas v. Home Depot USA, Inc.*, 661 Fed. Appx. 575, 577-78 (11th Cir. 2016).

Were the defendants' argument correct, it presumably would cut both ways. If the filing of an amended complaint erased the original complaint for all pleading purposes, the very act of filing an amended complaint would render the amended complaint an original complaint, free from the restrictions on amendments imposed by Rules 15(a) and 16(b). Indeed, there could never be such a thing as an amended complaint. The absurdity of such a result amply demonstrates the untenability of the defendants' position.

The defendants offer neither a rationale nor a legal precedent for their novel argument. In their absence, the Court is unable to accept the proposition that an answer to an amended complaint is an original answer for purposes of Rule 15(a) even when, as here, that answer injects a previously available counterclaim that was omitted from the answer to the original complaint.

The defendants next come at the same point from a different angle. According to them, their first two answers were only "partial answers," because they simultaneously filed motions to dismiss portions of the relevant complaints. Because the plaintiff, following rulings on those motions, twice filed amended complaints, the defendants "were not required to file a complete responsive pleading" until the time they did so. (Doc. 63 at 1-2, 9). This argument appears to rest on the unstated assumption that a "partial answer" is not a "pleading," such that a pleader's first "complete pleading" is not an amended pleading but an original pleading.

The Court has been unable to locate any reference to "partial answer," in the context of a pleading (as opposed to discovery), in any federal appellate decision. Some district courts have employed the term when, as here, the defendant files along with its responsive pleading a motion to dismiss a portion of

the complaint.² Such a "partial answer" constitutes an "answer" for purposes of Rule 8, at least if it admits or denies all the allegations of the complaint. *Raymond v. Air Evac EMS, Inc.*, 2015 WL 1738026 at *2 (N.D. Okla. 2015). The defendants' first and second answers did exactly that, admitting or denying all allegations of the relevant complaint, including with respect to the counts made the subject of their motions to dismiss. (Docs. 6, 36). Indeed, while the defendants styled each motion as a "partial motion to dismiss," (Doc. 5 at 1; Doc. 35 at 1), they did not similarly qualify their responsive pleadings, instead styling each as "Defendants' Answer." (Doc. 6 at 1; Doc. 36 at 1). What the defendants now characterize as "partial answers" were answers for purposes of Rule 15(a).³

**2. Response to amended complaint.**

The plaintiff acknowledges that lower courts analyzing Rule 15(a) have taken various approaches to the effect of an amended complaint, filed after the defendant's initial answer, on the defendant's ability to include a previously omitted counterclaim in its answer to the amended complaint. (Doc. 60 at 6-9). Under the "permissive" approach, "once a plaintiff amends a complaint, the defendant always has the right to amend to bring new counterclaims, without regard to the scope of the amendments." *Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170, 178 (D. Mass. 2014) (internal quotes omitted). Under the

---

² *E.g., Matter v. Clearlake Village Homeowner's Association, Inc.*, 2019 WL 2869060 at *2 (M.D. Fla. 2019).

³ The defendants' suggestion that they had no obligation to file a "complete pleading" (including counterclaim) until all objections to the complaint had been resolved fails due to their conduct. Had the defendants rested on their motions to dismiss, without also filing answers, perhaps they could have appropriately delayed filing a "complete" answer until May 2020. *See id.* (noting "the majority view as one in which parties need not file an answer while a partial motion to dismiss [i]s pending") (emphasis and internal quotes omitted). By choosing to file answers along with their motions to dismiss, however, the defendants became subject to applicable restrictions on amended pleadings.

"moderate" approach, "an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." *Id*. at 177 (internal quotes omitted). Under what has been termed the "uniform" approach,[4] "[a] new or different counterclaim asserted after an amendment of the complaint … must fall under Rule 15(a)(2)," requiring leave of court in all cases. *Id*. at 179.

The plaintiff urges the Court to adopt the moderate approach or the uniform approach. (Doc. 60 at 9). Either would require the defendants to obtain leave of Court to add their counterclaim.[5] The defendants quibble about factual distinctions between this case and one of the plaintiff's cited authorities, but they neither deny the existence and exclusivity of the three approaches identified by the plaintiff nor urge the Court to adopt the permissive approach. (Doc. 63 at 7-8). The Court would not do so even if asked. The practical weaknesses of the permissive approach have been laid bare in other opinions,[6] and the Court can find no textual support in Rule 15 for that approach; certainly the defendants by their silence have suggested none.[7] The permissive approach appears to have gained

---

[4] *Bibb County School District v. Dallemand*, 2019 WL 1519299 at *4 (M.D. Ga. 2019).

[5] The only change accomplished by the second amended complaint was to add as an individual defendant to the fraudulent inducement and intentional interference claims the representative of the defendants that the preceding iterations of the complaint alleged was the agent of the defendants' fraudulent inducement and intentional interference. The "theory [and] scope of the case" in the second amended complaint thus remained identical to that of its predecessors, and the counterclaim expands the case far beyond the minor alteration wrought by the second amended complaint. The defendants make no argument to the contrary.

[6] *E.g., Dallemand*, 2019 WL 1519299 at *4.

[7] Prior to 2009, Rule 15(a) provided that a "party shall plead in response to an amended pleading" within a specified time. Courts adopting the moderate approach reasonably viewed the "in response" language as incompatible with the permissive approach. *E.g., Uniroyal Chemical Co. v. Syngenta Crop Protection, Inc.*, 2005 WL

few adherents, especially over the past decade,[8] while numerous courts have embraced the moderate or uniform approach over the same time frame.[9] Construction of a rule is not governed by popular vote, but the overwhelming

---

677806 at *2 (D. Conn. 2005).  Since 2009, Rule 15(a)(3) specifies the time for "any required response to an amended pleading."  At least one court has considered this rephrasing as eliminating the primary support for the moderate approach, *Berrada v. Cohen*, 2017 WL 6513954 at *3 (D.N.J. 2017), but the Court cannot agree; both versions contemplate only a "response to" the amended complaint, not a kitchen-sink outpouring of additional material untethered to the amendment.  Moreover, "[n]othing in the advisory committee's note indicates the changes in any way alter the permissible scope of a party's response to an amended pleading."  *Hydro Engineering, Inc. v. Petter Investments, Inc.*, 2013 WL 1194732 at *3 (D. Utah 2013).

[8] *But see Berrada*, 2017 WL 6513954 at *3 (appearing to favor the permissive approach, although the moderate approach yielded the same result).

[9] The moderate approach has been described, accurately, as the majority view. *Dallemand*, 2019 WL 1519299 at *3.  Courts adopting or approving this approach in recent years include, without limitation: *Virginia Innovation Sciences, Inc. v. Samsung Electronics Co.*, 11 F. Supp. 3d 622, 633 (E.D. Va. 2014); *Ramsay-Nobles v. Keyser*, 2018 WL 6985228 at *4 (S.D.N.Y. 2018); *Composite Resources, Inc. v. Recon Medical, LLC*, 2018 WL 5886530 at *1 (D. Nev. 2018); *Intelligent Payments, LLC v. 123 IT Support, Inc.*, 2018 WL 3698978 at *1 (N.D. Ga. 2018); *CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 2017 WL 9440803 at *5 (N.D. Iowa 2017); *Poly-Med, Inc. v. Novus Scientific Pte Ltd.*, 2017 WL 2874715 at *2 (D.S.C. 2017); *UDAP Industries, Inc. v. Bushwacker Backpack & Supply Co.*, 2017 WL 1653260 at *3 (D. Mont. 2017); *Patel v. Pandya*, 2016 WL 3129615 at *2 (D.N.J. 2016); *Port-A-Pour, Inc. v. Peak Innovations, Inc.*, 2016 WL 1258552 at *3 (D. Colo. 2016); *Bell v. Mine Safety Appliances*, 2016 WL 305055 at *1 (W.D. Ark. 2016); *Coppola v. Smith*, 2015 WL 2127965 at *3 (E.D. Cal. 2015); *Lawlis v. Moore Iron & Steele Corp.*, 2014 WL 7403854 at *3 (W.D. Okla. 2014); *Security Alarm Financing Enterprises, Inc. v. Parmer*, 2014 WL 690612 at *4 (N.D.W. Va. 2014); *Hydro Engineering*, 2013 WL 1194732 at *4; *Panoceanis Maritime, Inc. v. M/V Eula B. Devall*, 2013 WL 264616 at *3 (E.D. La. 2013); *Regions Bank v. Commonwealth Land Title Insurance Co.*, 2012 WL 5410948 at *3 (S.D. Fla. 2012); *Adobe Systems, Inc. v. Coffee Cup Partners, Inc.*, 2012 WL 3877783 at *5 (N.D. Cal. 2012); *Monsanto Co. v. E.I. Dupont de Nemours and Co.*, 2012 WL 3765059 at *3 (E.D. Mo. 2012); *Spencer County Redevelopment Commission v. AK Steel Corp.*, 2011 WL 3806947 at *3 (S.D. Ind. 2011); and *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, 2011 WL 2261298 at *4 (D. Minn. 2011).

Courts adopting the uniform approach include:  *Bern*, 25 F. Supp. 3d at 179; *Dallemand*, 2019 WL 1519299 at *4; *Ceres Protein, LLC v. Thompson Mechanical & Design*, 2017 WL 1025244 at *2 (W.D. Ky. 2017); and *Digital Ally, Inc. v. DragonEye Technology, LLC*, 2014 WL 2865592 at *4 (D. Kan. 2014).

rejection of the permissive approach suggests the Court's skepticism is justified. Finally, the Eleventh Circuit, in a case not involving Rule 15, has discussed the moderate approach with apparent approval. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2001).

With the permissive approach eliminated from consideration, the contenders are reduced to the moderate and uniform approaches. Because both standards require the defendants to seek leave to file their counterclaim, the Court need not and does not select between them.

### 3. Timely amendment.

Rule 15(a)(1)(A) permits a litigant to amend its pleading one time as a matter of course within 21 days after serving the pleading. The defendants served their second answer on March 20, 2020. Any right to amend the second answer as a matter of course thus expired on April 10, 2020 – over six weeks before the defendants filed their third answer.

The defendants argue their third answer falls within Rule 15(a)(1)(A) because it was filed within 21 days after the plaintiff filed his second amended complaint. (Doc. 63 at 1-2, 8-9). Because that is not the correct starting point, the defendants' argument fails.[10]

### B. Rule 16(b)(3).

"The scheduling order must limit the time to … amend the pleadings …."

---

[10] The defendants conclude this portion of their briefing with the conclusion that, "[t]herefore, Defendants' [sic] are entitled to amend their response to Plaintiff's Second Amended Complaint, as a matter of course, until July 7, 2020." (Doc. 63 at 9 (citing Rule 15(a)(1)). No issue regarding a potential fourth answer is presented by the plaintiff's motion, but the Court notes that 21 days after May 26 is June 16, not July 7. In any event, July 7 came and went without further action by the defendants.

Fed. R. Civ. P. 16(b)(3)(A). The scheduling order established an April 20 deadline for moving to amend the pleadings – a generous deadline, over a month later than the one proposed by the defendants themselves. Nevertheless, the defendants filed their third answer, for the first time asserting a counterclaim, on May 26 – over a month after the Rule 16(b) deadline expired. Even then, they did not seek leave to file the counterclaim or seek relief from the April 20 deadline. The defendants dispute none of this.

### C. Rule 16(b)(4).

"A schedule may be modified only for good cause and with the judge's consent." *Id*. Rule 16(b)(4). "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). "The lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes. That lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." *Southern Grouts & Mortars, Inc. v. 3M Co*., 575 F.3d 1235, 1241 n.3 (11th Cir. 2009). The misunderstanding of a party or its counsel as to legal matters likewise fails to provide good cause for missing a scheduling order deadline. *Oravec v. Sunny Isles Luxury Ventures, L.C*., 527 F.3d 1218, 1232 (11th Cir. 2008) ("[T]he fact that Oravec or his counsel misunderstood the scope of legal protection available for PGS works does not constitute good cause.").

The counterclaim is clear that the conduct on which it is based occurred in and before October 2019, and the defendants were aware of it by that time. (Doc. 57 at 15). Indeed, it was this awareness of the plaintiff's claimed wrongdoing that allegedly prompted his termination on October 15, 2019, (*id*. at 15-16), which in turn prompted the plaintiff to file suit in December 2019. The defendants, in

10

short, at all times during the pendency of this lawsuit "ha[d] full knowledge of the information with which" they seek to amend their answer via counterclaim. Their failure to act despite this knowledge is incompatible with good cause.

The defendants insist it was "impossible" for them to seek leave to file a counterclaim, that "the timing of the filings in this case and its procedural history have effectively prevented" them from seeking such leave. (Doc. 63 at 2, 3, 10). They say they could not seek leave while their motion to dismiss one count of the first amended complaint was pending and that they could not seek leave after the Court denied the motion to dismiss because, on that same day, the plaintiff moved for leave to file a second amended complaint, tying the defendants' hands until the plaintiff's motion was ruled upon and then, once it was granted, until the second amended complaint was actually filed. (*Id*. at 3-4).

In a word, no. The pendency of a motion does not preclude a litigant from filing another motion, not even if resolution of the second motion, or effectuating the requested relief, must await resolution of a prior motion or some other event. Nor did anything prevent the defendants, if they erroneously believed themselves precluded from complying with the April 20 deadline, from seeking an extension of that deadline. Any misunderstanding by the defendants regarding whether or when a motion for leave to amend could be filed cannot constitute good cause. *Oravec*, 527 F.3d at 1232.

"If a party was not diligent, the good cause inquiry should end." *Oravec*, 527 F.3d at 1232 (internal quotes omitted). Because the defendants plainly were not diligent, the Court's good cause inquiry is at an end.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to strike or, in the alternative, dismiss is **granted**. The defendants' counterclaim is eliminated from this action.

DONE and ORDERED this 15th day of July, 2020.

>  s/ WILLIAM H. STEELE
>  UNITED STATES DISTRICT JUDGE